**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **-v-**                                           **Case No. 08-CR-53**

**JOHN DUANE BROWN,**

        **Defendant.**

---

## DECISION AND ORDER

---

This matter is before the Court on the motion of the Defendant John Duane Brown ("Brown") under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the"Sentencing Commission") pursuant to 28 U.S.C. § 994(u). *See* U.S.S.G. App. C, Amend. 750 (Supp. 2011).

Brown is serving a 48-month sentence for using a communications device to facilitate a drug trafficking offense in violation of Section 843(b) of Title 21 of the United States Code. His projected release date is March 30, 2012. Brown requests that the Court reduce his sentence by four months so that his sentence will be 44 months instead of 48 months. He asserts the requested reduction is "circumstantially reasonable."

The Government does not contest the potential applicability of Amendment 750 to Brown's sentence. However, it asserts Brown's early release would pose a danger to the community, relying on Brown's extensive criminal history and his high risk of recidivism.

Brown's motion is occasioned by the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 ( 2010), signed into law effective August 3, 2010, which reduced the disparity between sentences involving crack cocaine and powder cocaine and "reset drug quantities required to trigger mandatory sentences." *See United States v. Vance*, 659 F.3d 613, 616 (7th Cir. 2011). Section 8 of the FSA also granted the Sentencing Commission emergency amendment authority to temporarily change the guidelines to implement the statutory changes and to add certain enhancements and reductions to the sentencing guidelines. *Id.*

The Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guideline ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. *See* U.S.S.G. App. C, Amend. 750 (Supp. 2011). On April 28, 2011, the Sentencing Commission submitted to Congress the proposed permanent guideline amendment implementing the FSA. *Id.* On June 30, 2011, the Sentencing Commission voted to give retroactive effect to the proposed permanent guideline amendment. *Id.* The proposed permanent guideline amendment went into effect on November 1, 2011, as did the retroactive effect and changes to § 1B1.10 of the Sentencing Guidelines (Reduction in Term of Imprisonment as a Result of Amended Guideline Range), the policy statement governing retroactivity. *Id.*

As Brown acknowledges, the decision whether to reduce a defendant's sentence under these circumstances is a matter of the Court's discretion. *United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may reduce the term of imprisonment*, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added); *see United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). Brown and the Government agree that Amendment 750 lowers the sentencing range upon which Brown's sentence was based, and that the Court is thus empowered to reduce Brown's sentence under § 3582(c)(2).

However, the specific circumstances relating to Brown that this Court considered during his March 29, 2009, sentencing remain compelling and cause this Court to deny his motion for reduction of his sentence. The Court imposed an above-guideline sentence of 48-months. This was the statutory maximum and was in excess of the 33 to 41-month sentence that the Government requested. In sentencing Brown, the Court relied upon facts not related to the basis for his motion. Most of his adult life Brown, then 45, had been a habitual drug user and had never had any significant employment. Despite having been arrested about 30 times, Brown had not been incarcerated for a significant period of time. Brown's conduct while the charges were

3

pending also displayed contempt for the criminal process. He severed his electronic bracelet and absconded for about six months.

Regardless of the Guidelines amendment that would permit the Court to reduce Brown's sentence, it is necessary for Brown to serve the entire term of his current 48-month sentence. The term of incarceration reflects the seriousness of Brown's habitual criminal conduct, meets the goal of deterring Brown from engaging in any future criminal conduct and enables him to receive drug treatment. Because Brown's motion does not touch upon the concerns that motivated the Court to impose the maximum sentence under the statute, his motion for reduction of sentence is denied.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**